HONORABLE RONALD B. LEIGHTON

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| FREELAND LENDING, LLC,<br><br>                 Plaintiff,<br>     v.<br><br>RCJS PROPERTIES, LLC, et al.,<br><br>                 Defendants. | CASE NO. C17-5383 RBL<br><br>ORDER ON PLAINTIFF'S MOTION<br>FOR SUMMARY JUDGMENT |

THIS MATTER is before the Court on Plaintiff Freeland Lending's Motion for Summary Judgment and Decree of Foreclosure [Dkt. #35]. Freeland made a six-month loan to Defendant RCJS Properties for the refinancing and renovation of an investment property in Pierce County, Washington. Defendants defaulted on the loan and Freeland now moves to foreclose on the Deed of Trust. For the reasons that follow, the Court **GRANTS** Freeland's motion for summary judgment.

**I. BACKGROUND**

Freeland made a loan to RCJS Properties in April 2016 for the refinancing and rehabilitation of an investment rental property located at 3917 Key Peninsula Highway South, in Pierce County, Washington. The six-month loan was intended to provide RCJS with funds to pay

off the existing mortgage and provide a budget to renovate and ultimately flip the investment property. RCJS executed and delivered a Promissory Note in favor of Freeland for the principal loan amount of $202,354. Dkt. 36-1. Defendant Richard Sorrels, the sole officer of RCJS, executed a Guaranty by which he absolutely and unconditionally guaranteed RCJS's timely payment and performance under the Note. Dkt. 36-2. RCJS's obligations under the Note were secured by a Deed of Trust and Assignment of Rents for the subject property in favor of Freeland. Dkt. 36-3; Dkt. 36-4. Pursuant to the Note, RCJS agreed to make monthly installment payments of $436 beginning in June 1, 2016 until the loan's maturity date on October 1, 2016. Dkt. 36-1.

Soon after the loan was financed, Freeland discovered several typographical errors[1] in the executed Promissory Note. Most notably, the Note mistakenly listed the monthly payments Defendants were to make as $436, when the correct monthly payment amount should have been $2,698. Freeland attempted to get Defendants to execute an amended Promissory Note, but Sorrels refused. RCJS made three payments on the Note, however, RCJS stopped making payments after September 2016. Defendants did not satisfy the Note's balance by the maturity date. Freeland subsequently issued a Notice of Default on December 8, 2016, which Defendants failed to cure. Dkt. 36-5. The total amount due under the Note and Guaranty is $135,537.35, not inclusive of prejudgment interest. Dkt. 35.

## II. LEGAL STANDARD

Summary judgment is proper "if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the

---

[1] In the executed Note, one of the digits in the physical address of the subject property was transposed, and the loan's maturity date was mistakenly listed as October 1, 2016 instead of November 1, 2016. Dkt. 40.

movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(c). In determining whether an issue of fact exists, the Court must view all evidence in the light most favorable to the nonmoving party and draw all reasonable inferences in that party's favor. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248–50 (1986); *Bagdadi v. Nazar*, 84 F.3d 1194, 1197 (9th Cir. 1996). A genuine issue of material fact exists where there is sufficient evidence for a reasonable factfinder to find for the nonmoving party. *Anderson*, 477 U.S. at 248. The inquiry is "whether the evidence presents a sufficient disagreement to require submission to a jury or whether it is so one-sided that one party must prevail as a matter of law." *Id*. at 251–52. The moving party bears the initial burden of showing that there is no evidence which supports an element essential to the nonmovant's claim. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). Once the movant has met this burden, the nonmoving party then must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 250. If the nonmoving party fails to establish the existence of a genuine issue of material fact, "the moving party is entitled to judgment as a matter of law." *Celotex*, 477 U.S. at 323–24. "The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson*, 477 U.S. at 247–48.

### III. DISCUSSION

Sorrels, in several *pro se* filings, characterizes Freeland as a predatory lender. Sorrels contends that he was misled by Freeland throughout the loan process, that the legal description for the property is inadequate, that the interest rate on the loan violates Washington's usury restrictions, and that Freeland illegally altered the Promissory Note, discharging Defendants of any obligation to make payments. Even if the Court were to consider his *pro se* filings, his arguments are without merit and Freeland is entitled to summary judgment.

**A. Sorrels cannot dissolve his company mid-litigation as a means of avoiding the Court's Order that he retain licensed counsel to represent RCJS Properties.**

The Court has told Sorrels on numerous occasions that because he is not a licensed attorney, he may not represent his company, RCJS Properties, *pro se* in federal court. *See* Dkt. 19; Dkt. 24; Dkt. 31 at 2; *Rowland v. Cal. Men's Colony*, 506 U.S. 194, 202–03 (1993); *see also Taylor v. Knapp*, 871 F.2d 803, 806 (9th Cir. 1989). In an apparent attempt to circumvent this Court's previous Show Cause Order [Dkt. #19], Sorrels has administratively dissolved RCJS Properties and has resumed filing *pro se* documents, despite having counsel of record.[2] *See* Dkt. 34; Dkt. 38; Dkt. 42; Dkt. 43. The administrative dissolution of RCJS Properties does not entitle Sorrels to disregard its corporate form and circumvent the rules prohibiting *pro se* representation of corporations. *See Lloyd Enterprises, Inc. v. Longview Plumbing and Heating Co.*, 958 P.2d 1035, 1038 (Wash. Ct. App. 1998). Accordingly, Sorrels *pro se* filings are improper and the Court will not consider them. Dkt. 19.

**B. Even if the Court were to consider Defendants' filings, the arguments advanced are unmeritorious.**

Sorrels makes no showing that the legal description of the property is inadequate. Freeland has submitted evidence demonstrating that the legal description fully and accurately describes the subject property, is wholly insurable, and is completely effective to transfer title of the property. *See* Dkt. 37; Dkt. 41.

Sorrels contends that the Note's interest rate violates Washington's usury restrictions on interest rates. But Wash Rev. Code § 19.52.080 exempts loans to corporations or for business purposes from Washington's usury laws. *See Paulman v. Filtercorp*, 899 P.2d 1259 (Wash.

---

[2] Attorney Richard Sanders filed a Notice of Appearance on December 28, 2017. *See* Dkt. 25. As of the date of this Order, Sanders has not withdrawn as counsel of record for Defendants.

1995) ("[T]he enactment of RCW 19.52.080 represents a calculated legislative decision not to afford the protection of the usury laws to either a corporation or a natural person who borrows money for business purposes."). Defendants expressly represented in the Note and Deed of Trust that the loan was for business or commercial purposes. *See* Dkt. 36-1 ("Maker represents and warrants that the proceeds of this Note are to be used solely for business and commercial purposes and not at all for any personal, family household, or other noncommercial or farming or agricultural purposes."); *see also* Dkt. 36-3 at 18.

Sorrels' allegations that he was defrauded or that Freeland illegally altered the Note are also without merit. Sorrels presents no evidence of fraud and it is undisputed that Defendants never agreed to the amended Promissory Note circulated by Freeland, leaving the originally executed Note with the lesser monthly payment term in effect. Nonetheless, Defendants stopped making payments and failed to repay the balance due by the maturity date, resulting in default.

**C. Judicial Foreclosure is Appropriate**

Foreclosure is appropriate where the lender can show a breach of the terms of the promissory note and deed of trust, notice, and failure to cure. *See* Wash. Rev. Code § 61.12.040; *ING Bank v. Korn*, 2011 WL 5326146 (W.D.Wa. Nov. 4, 2011); *Bain v. Metro Mortg. Grp., Inc.*, 285 P.3d 34, 44 (Wash. 2012) ("The holder of the note is entitled to enforce the note and the deed of trust securing that note."). Here, Defendants executed the Note in favor of Freeland, and agreed to make monthly payments and repay the balance by the maturity date. Dkt. 36-1 at 2. Repayment of the Note was secured by the Deed on the Property, which Defendants also executed in favor of Freeland. Defendants breached their obligations under the Note when they failed to pay off loan balance by the maturity date. Dkt. 36-3. Because there are no disputes of material fact, summary judgment is appropriate and Freeland is entitled to a forfeiture decree.

ORDER ON PLAINTIFF'S MOTION FOR
SUMMARY JUDGMENT - 5

**D. Post-Judgment Interest Rate**

In the Proposed Order submitted by Freeland, it lists the applicable judgment interest rate as twelve percent. *See* Dkt. 35 at 3 ("That the judgment herein, except prejudgment interest, shall bear interest at a rate of 12% per anum"). Although twelve percent is the appropriate interest rate in state court, "It has long been the rule that an award of post-judgment interest is procedural in nature and thereby dictated by federal law." *In re Cardelucci*, 285 F.3d 1231, 1235 (9th Cir. 2002) (citing *Hanna v. Plumer*, 380 U.S. 460, 473–74 (1965)). "In diversity actions brought in federal court a prevailing plaintiff is entitled to pre-judgment interest at state law rates while post-judgment interest is determined by federal law." *Id.* (citing *Northrop Corp. v. Triad Int'l Mktg., S.A.*, 842 F.2d 1154, 1155 (9th Cir.1988)). The federal rate of interest on a judgment is governed by 28 U.S.C. § 1961 and adopts the applicable treasury rate published by the Board of Governors of the Federal Reserve. *See* 258 Siegel's Prac. Rev. 1 (2013). Accordingly, Plaintiff shall submit a revised proposed order by **Monday, September 10, 2018** setting out the appropriate pre-judgment interest rate under state law, as well as the applicable post-judgment interest rate as set by federal law.

## IV. CONCLUSION

Freeland Lending's Motion for Summary Judgment and Decree of Foreclosure [Dkt. #35] is **GRANTED**. Freeland's revised proposed order is due by September 10, 2018.

IT IS SO ORDERED.

Dated this 4th day of September, 2018.

Ronald B. Leighton
United States District Judge